IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTURO MIRELES, et al., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | 3:12-CV-0735-M-BK | |
| § | | |
| OCWEN LOAN SERVICING, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of prosecution.

**I. BACKGROUND**

Plaintiffs filed a *pro se* complaint against Defendants Ocwen Loan Servicing, HSBC Bank Usa, First Funding Inc., and Labadie Commons LLC. On March 20, 2012, the Court granted Plaintiffs' motion to proceed *in forma pauperis*, and issued a questionnaire requiring them to provide information about the claims alleged in the complaint. Plaintiffs' response to the questionnaire was due on or before April 17, 2012. On April 5, 2012, the order and the questionnaire were returned to the Court with the notation, "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." (Doc. 10; Doc. 11). As of the filing of this recommendation, Plaintiffs have failed to apprise the Court of their new address.

**II. DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua*

*sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiffs have had ample opportunity to respond to the Court's questionnaire and to notify the Court of their new address. The Court is not required to delay disposition in this case until such time as Plaintiffs provide their current address. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED April 24, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Absent Plaintiffs' answers to the questionnaire, the Court cannot determine when the events at issue in this case occurred. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE